UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IST FRANKLIN FINANCIAL CORP.,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case Number: 2:15-cv-02362-JHE |
| ) | |
| MARK HOWLAND,  ) | |
| ) | |
| Defendant  ) | |
| ) | |

**MEMORANDUM OPINION**

Defendant Mark Howland has filed a notice of removal along with a financial affidavit, (docs. 1 & 4), presumably seeking to remove this action without prepayment of the filing fee. For the reasons explained below, this court lacks subject-matter jurisdiction, and the action will be **REMANDED**.

**I. Procedural History and Background**

On December 30, 2015, Defendant Mark Howard filed a notice of removal for the case styled *1st Franklin Financial Corp. v. Mark Howard*, SM-2015-000181, from the District Court of Shelby County, Alabama. (Doc 1). The notice explains Plaintiff 1st Franklin Financial filed this action on or about August 5, 2015, in the District Court of Shelby County, Alabama, for the amount of $1,193.81. (*Id.* at 1). The defendant alleges that, after being served with the state court complaint, his wife contacted the plaintiff, and a branch manager told here that if she made a payment on the account, the plaintiff would not continue the legal action. (*Id.*). The defendant further alleges his wife made a $300.00 payment to the plaintiff on or about September 1, 2015. (*Id.*). Nevertheless, the state court entered a default judgment in the amount of $1,193.81 on October 6, 2016, and subsequently entered a Writ of Garnishment for the same amount. (*Id.* at

1

1).  Thereafter, on or about December 14, 2015, the state court entered an order giving the defendant leave to file a motion to amend the garnishment amount.  (*Id.* at 2).  Instead, it appears, the defendant filed this notice of removal in federal court.  Although the defendant has not filed a motion to proceed *in forma pauperis* in response to the undersigned's show cause order instructing him to pay the applicable filing fee, he has submitted a financial affidavit, (doc. 4), apparently seeking to remove this action without payment of the applicable filing fee.

## II. Standard of Review

Because Plaintiff seeks to proceed *in forma pauperis*, the court undertakes a preliminary screening of the complaint and notice of removal in accordance with 28 U.S.C. § 1915(e)(2)(B).  This section requires a federal court to dismiss an action brought thereunder if the court determines the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii).  Furthermore, regardless of the outcome of this preliminary screening, the Federal Rules of Civil Procedure instruct that, "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  FED. R. CIV. P. 12(h)(3).  Upon review of the notice of removal, it is apparent the court lacks subject-matter jurisdiction, this action is due to be remanded.

## III. Analysis

It is axiomatic that federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994). Removal jurisdiction is purely statutory in nature. *Finn v. American Fire & Cas. Co.*, 207 F.2d 113, 115 (5th Cir. 1953).[1]  The general removal statute, 28

---

[1] The decisions of the former Fifth Circuit handed down before October 1, 1981 are

U.S.C. § 1441, provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Although removal jurisdiction is technically distinct from subject-matter jurisdiction, its requirement that the court have original jurisdiction makes it derivative of subject-matter jurisdiction.  *See Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004) (holding that, where the court lacks original jurisdiction, lack of removal jurisdiction and lack of subject-matter jurisdiction coincide).  There can be no removal jurisdiction without original, subject matter jurisdiction.

The defendant contends the removal is proper because this court has federal question subject-matter jurisdiction,[2] (doc. 1 at 3, ¶ 9), which states "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331.  When evaluating whether this case arises under federal law, the "well-pleaded complaint" rule provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination.  *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908).  The presence of a federal defense or counterclaim does not make the case removable. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Blab T.V. of Mobile, Inc. v. Comcast Cable Comms., Inc.*, 182 F.3d 851, 854 (1999).

---

binding in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2] There is no diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. §1332 in this case because, although it appears the parties are citizens of different states, the amount-in-controversy requirement is not met.  *See* 28 U.S.C. § 1332.

Although the defendant's notice of removal alleges the plaintiff violated the Fair Debt Collection Practices Act by continuing with the state-court litigation and attempting to collect an inaccurate amount, this does not transform the underlying small claims collection action into "a civil action arising under the Constitution, laws, or treaties of the United States."

### IV. Conclusion

For the reasons stated above, this court lacks subject-matter jurisdiction. This action is due to be remanded to the District Court of Shelby County, Alabama. A separate order will enter.

DONE this 15th day of January 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE